RECEIVED
APR 0 5 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

The Law Offices of Verne Rupright & Associates, LLC
Verne Rupright Attorney for the Plaintiff
322 Main Street Wasilla, Alaska 99654
(907) 373-3215 Phone
(907) 373-3217 Fax

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JERRY GEORGE JEFFORD<br><br>Plaintiff,<br><br>vs.<br><br>RODNEY PUCAK,<br>JAMES MALONEY, individually and in their official capacities,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)Case No. A-________ CI (____)<br>) 3:06-cv-00075 TMB<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

COMES NOW Jerry George Jefford, by and through The Law Offices of Verne Rupright & Associates, Verne Rupright, and files this complaint for Damages and Injunctive Relief.

## **GENERAL ALLEGATIONS**

1. Plaintiff Jerry George Jefford was a resident of the State of Alaska, at all times pertinent to this complaint and resided in the Alaska District of the United States District Court, and the third judicial district of the State of Alaska.

2. On information and belief, Defendants Rodney Pucak and James Maloney, and other unidentified members of or employees of the Alaska State Troopers were employed by the State of Alaska and were residents of the State of Alaska at all times pertinent to this complaint.

3. Pursuant to, *inter alia*, 28 U.S.C. Section 1331, this case involves a federal question and this court has personal and subject matter jurisdiction over the parties.

4. Pursuant to 28 U.S.C. Section 1343, this court has specific jurisdiction over civil rights actions alleging violations of 42 U.S.C. Section 1985, including damages and injunctive or equitable remedies.

5. Pursuant to 42 U.S.C. Section 1983, this court has jurisdiction over the personal and subject matter included in this complaint over all of the parties.

6. Pursuant to 42 U.S.C. Section 1985, this case involves on-going conspiratorial conduct designed to deprive Jefford and similarly situated citizens their rights guaranteed under the Alaska and Federal constitutions.

7. To the extent the Defendants violated Jefford's rights, under color of law, violating Jefford's rights protected by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, jurisdiction, jurisdiction is invoked under 42 U.S.C. Sections 1983 and 1985.

8. To the extent any State law claims are asserted from the facts stated herein, Plaintiff asks this Court to exercise its pendant jurisdiction over those State law claims.

9. The Defendants conspired and acted in concert as agents of the State of Alaska to prosecute Mr. Jefford for Misconduct Involving a Controlled Substance in the First Degree, without a factual or legal basis, including the fraudulent acquisition on July 10, 2003 of a *Glass* warrant allegedly directed at the Plaintiff, as well as securing an arrest warrant and arresting Mr. Jefford on or about January 21, 2004, without legal cause.

10. Prior to his unlawful arrest, the Defendants tortiously interfered with Plaintiff's right to be free from malicious prosecution, Plaintiff's right to Liberty and privacy guaranteed by the State and Federal Constitutions, conspired to mislead the Grand Jury, conspired to wrongfully arrest and prosecute Mr. Jefford and outrageously and falsely alleged, among other things, that Jefford made numerous attempts to sell narcotics to Mr. Maloney, the State's informant, all of which misled the Grand Jury, and resulted in Mr. Jefford's unlawful and wrongful arrest and prosecution.

11. Without a factual or legal basis, Defendants Pucak and Maloney conspired to create false factual allegations to support a criminal charge by the State of Alaska against Mr. Jefford, with the State filing a single count indictment for Misconduct Involving Controlled Substance in the Second Degree, a Class A Felony in violation of AS 11.71.020 (a) (1).

12. Subsequent to his arrest on or about January 21, 2004, the State, relying on the false and misleading testimony of the Defendants, persisted in wrongfully prosecuting Mr.

Jefford, a prosecution that was dismissed *without prejudice* April 23, 2004 by the State of Alaska.

13. Because the case was dismissed without prejudice, Plaintiff continues to suffer from the effects of the Defendants' conduct, all of which violated the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

### COUNT I : VIOLATION OF 42 U.S.C. SECTION 1983

14. Plaintiff reiterates and incorporates herein the allegations contained in paragraphs one through thirteen

15 Defendant's conduct caused Plaintiff damages in excess of $100, 000 (One Hundred Thousand Dollars) exact amount to be proven at trial.

### COUNT II : VIOLATION OF 42 U.S.C. SECTION 1985

16. Plaintiff reiterates and incorporates herein the allegations contained in paragraphs one through fifteen

17. Defendants' conduct caused the Plaintiff damages in excess of $100, 000 (One Hundred Thousand Dollars) exact amount to be proven at trial.

### COUNT III : INJUNCTIVE RELIEF

18. Plaintiff reiterates and incorporates herein the allegations contained in paragraphs one through seventeen.

19. Defendant's conduct was and continues to be unlawful, and is systemic, and on-going with the criminal case 3PA-03-2118 Cr having been merely dismissed *without prejudice*, all of which causes the Plaintiff on-going stress and emotional upset resulting in irreparable harm.

## COUNT IV : INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

20. Plaintiff reiterates and incorporates herein the allegations contained in paragraphs one through nineteen.

21. The Defendants' creation of a false proofs to obtain a facially invalid *Glass* warrant, the Defendants' corrupt, malicious and outrageous presentation of false and misleading proofs at grand jury to obtain an indictment, and the Defendants' wrongful application for and execution of an arrest warrant, and the Defendants' persistence in pursuing a criminal prosecution, even when confronted with the Defendants' material, false and fraudulent conspiracy to create false proofs for the prosecution of Jefford, constituted outrageous, intentional conduct which caused the Plaintiff Jefford undue emotional harm and severe emotional distress that has continued to this day and is on-going due to the State's failure to dismiss the criminal case with prejudice.

22. The Defendants accomplished intentional emotional distress, all of which caused the Plaintiff damages in excess of $100,000.

## COUNT V : INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

23. Plaintiff reiterates and incorporates herein the allegations contained in paragraphs one through twenty-two.

24. The Defendants' creation of a false proofs to obtain a facially invalid *Glass* warrant, the Defendants' corrupt, malicious and outrageous presentation of false and misleading proofs at grand jury to obtain an indictment, and the Defendants' wrongful application for and execution of an arrest warrant, and the Defendants' persistence in pursuing a criminal prosecution, even when confronted with the Defendants' material,

false and fraudulent conspiracy to create false proofs for the prosecution of Jefford, constituted outrageous, intentional conduct which caused the Plaintiff Jefford undue emotional harm and severe emotional distress that has continued to this day and is on-going due to the State's failure to dismiss the criminal case with prejudice.

25. The Defendants accomplished intentional emotional distress, all of which caused the Plaintiff damages in excess of $100,000.

### COUNT VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

26. Plaintiff reiterates and incorporates herein the allegations contained in paragraphs one through twenty-five.

27. The Defendants' creation of a false proofs to obtain a facially invalid *Glass* warrant, the Defendants' violated their duty of full, honest and accurate disclosure to the court and negligently presented false and misleading proofs at grand jury to obtain an indictment, then recklessly and wrongfully obtained and executed an arrest warrant, then recklessly and in violation of their oath of office and their duties under the law, persisted in pursuing a criminal prosecution, even when confronted with the Defendants' material, false and fraudulent conspiracy to create false proofs for the prosecution of Jefford, all of which constituted outrageous, intentional conduct which negligently or recklessly caused the Plaintiff Jefford undue emotional harm and severe emotional distress that has continued to this day and is on-going due to the State's failure to dismiss the criminal case with prejudice.

28. The Defendants accomplished intentional emotional distress, all of which caused the Plaintiff damages in excess of $100,000.

## COUNT VII: PUNITIVE DAMAGES

29. Plaintiff reiterates and incorporates herein the allegations contained in paragraphs one through twenty-eight.

30. The Defendants' creation of a false proofs to obtain a facially invalid *Glass* warrant, the Defendants' presentation of false and misleading proofs at grand jury to obtain an indictment, the Defendants' wrongful application and execution of an arrest warrant, the Defendants' persistence in pursuing a criminal prosecution, even when confronted with the Defendants' material, false and fraudulent conspiracy to create false proofs for the prosecution of Jefford, constituted knowing, intentional and outrageous, intentional conduct.

31. The Defendants conduct was outrageous and extreme and punitive damages must be assessed against the Defendants based upon their individual participation in an amount of at least four times the compensatory damages awarded in this matter.

## PRAYER FOR RELIEF

A. For a judgment on counts on through five in excess of $100,000;

B. For a punitive damages judgment relating to the Defendants' as individual actors,

C. For equitable relief, including a permanent injunction forever barring reinstatement of the charges in 3PA-03-2118 Cr and other unlawful activities by the Defendants or unnamed agents, fellow employees, and co-workers of the Defendants as appropriate under the facts,

D. For reasonable attorney fees; and,

E.   For any other relief appropriate under the circumstances of this case.

DATED this 3rd day of April 2006.

>The Law Offices of Verne Rupright & Associates, LLC
>322 Main Street Wasilla, Alaska 99654
>(907) 373-3215 Phone
>(907) 373-3217 Fax
>
>_____
>Verne Rupright
>Attorney for the Plaintiff Jerry George Jefford
>Alaska Bar No. 9306013