DAVID W. MARQUEZ
ATTORNEY GENERAL

Dana S. Burke
Assistant Attorney General
Office of the Attorney General
1031 W. 4th Avenue, Suite 200
Anchorage, AK  99501
Phone: (907) 269-5190
Fax: (907) 258-0760

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JERRY GEORGE JEFFORD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RODNEY PUCAK, JAMES MALONEY, ) <br> individually and in their official ) <br> capacities, ) <br> ) <br> Defendants. ) <br> ) | Case No. 3:06-cv-0075 (TMB) |

**DEFENDANT RODNEY PUCAK'S ANSWER TO COMPLAINT**

Defendant Rodney Pucak, an Alaska State Trooper, by and through the office of the Attorney General, hereby answers the complaint filed by Jerry George Jefford as follows:

1. Answering Defendant lacks sufficient information or belief to admit or deny the allegations in ¶ 1 of plaintiff's complaint, and therefore denies the same.

2. ¶ 2 of plaintiff's complaint contains allegations that do not pertain to answering defendant, to which no responsive pleading is required. As to allegations in ¶ 2 that pertain to answering Defendant, answering defendant admits said allegations.

3. The allegations in ¶ 3 of plaintiff's complaint state only legal conclusions, to which no responsive pleading is required.

4. The allegations in ¶ 4 of plaintiff's complaint state only legal conclusions, to which no responsive pleading is required.

5. The allegations in ¶ 5 of plaintiff's complaint state only legal conclusions, to which no responsive pleading is required.

6. The allegations in ¶ 6 of plaintiff's complaint state legal conclusions, to which no responsive pleading is required. To the extent ¶ 6 states allegations to which a response is required, answering Defendant denies all wrongdoing, including but not limited to alleged constitutional violations, and otherwise denies the allegations in ¶ 6 of plaintiff's complaint.

7. The allegations in ¶ 7 of plaintiff's complaint state legal conclusions, to which no responsive pleading is required. To the extent ¶ 7 states allegations to which a response is required, answering Defendant denies all wrongdoing, including but not limited to alleged constitutional violations, and otherwise denies the allegations in ¶ 7 of plaintiff's complaint.

8. The allegations in ¶ 8 of plaintiff's complaint state only legal conclusions, to which no responsive pleading is required.

9. ¶ 9 of plaintiff's complaint contains allegations that do not pertain to answering Defendant, to which no responsive pleading is required. As to allegations in ¶ 9 that pertain answering Defendant, answering Defendant denies the allegations in ¶ 9 of plaintiff's complaint, except admits that all actions undertaken by answering Defendant in connection with the investigation, arrest, and indictment of plaintiff for misconduct involving a controlled substance in the second degree were lawful, appropriate, and in good faith.

10. ¶ 10 of plaintiff's complaint contains allegations that do not pertain to answering Defendant, to which no responsive pleading is required. As to allegations in ¶ 10 that pertain to answering Defendant, answering Defendant denies the allegations in ¶ 10 of plaintiff's complaint, except admits that all actions undertaken by answering Defendant in connection with the investigation, arrest, and indictment of plaintiff for misconduct involving a controlled substance in the second degree were lawful, appropriate, and in good faith.

11. ¶ 11 of plaintiff's complaint contains allegations that do not pertain to answering Defendant, to which no responsive pleading is required. As to allegations in ¶ 11 that pertain to answering Defendant, answering Defendant denies the allegations in ¶

11 of plaintiff's complaint, except admits that plaintiff was appropriately indicted on a single count of misconduct involving a controlled substance in the second degree, a class A felony in violation of AS 11.71.020(a).

12. ¶ 12 of plaintiff's complaint contains allegations that do not pertain to the named parties (including answering Defendant) to which no responsive pleading is required. As to allegations in ¶ 12 that pertain to answering Defendant, answering Defendant denies the allegations in ¶ 12 of plaintiff's complaint, except admits that the State of Alaska's prosecution of plaintiff was dismissed without prejudice.

13. Answering Defendant denies the allegations in ¶ 13 of plaintiff's complaint.

14. Answering Defendant restates and incorporates herein by reference his responses contained in ¶¶ 1 – 13, *supra*.

15. To the extent the allegations in ¶ 15 of plaintiff's complaint pertain to answering Defendant, answering Defendant denies the same.

16. Answering Defendant restates and incorporates herein by reference his responses contained in ¶¶ 1 – 15, *supra*.

17. To the extent the allegations in ¶ 17 of plaintiff's compliant pertain to answering Defendant, answering Defendant denies the same.

18. Answering Defendant restates and incorporates herein by reference his responses contained in ¶¶ 1 – 17, *supra*.

19. To the extent the allegation in ¶ 19 of plaintiff's complaint pertain to answering Defendant, answering Defendant denies the same, except admits that the criminal case against the plaintiff was dismissed without prejudice.

20. Answering Defendant restates and incorporates herein by reference his responses contained in ¶¶ 1 – 19, *supra*.

21. ¶ 21 of plaintiff's complaint contains allegations that do not pertain to answering Defendant, to which no responsive pleading is required. As to allegations in ¶ 21 that pertain to answering Defendant, answering Defendant denies the allegations in ¶ 21 except admits that all actions undertaken by answering Defendant in connection with the investigation, arrest, and indictment of plaintiff were lawful, appropriate, and in good faith.

22. To the extent the allegations in ¶ 22 pertain to answering Defendant, answering Defendant denies the same.

23. Answering Defendant restates and incorporates herein by reference his responses contained in ¶¶ 1 – 22, *supra*.

24. ¶ 24 of plaintiff's complaint contains allegations that do not pertain to answering Defendant, to which no responsive pleading is required. As to allegations in

¶ 24 that pertain to answering Defendant, answering Defendant denies the allegations in ¶ 24 of plaintiff's complaint, except admits that all actions undertaken by answering Defendant in connection with the investigation, arrest, and indictment of plaintiff were lawful, appropriate, and in good faith.

25. To the extent the allegations in ¶ 25 of plaintiff's complaint pertain to answering Defendant, answering Defendant denies the same.

26. Answering Defendant restates and incorporates herein by reference his responses contained in ¶¶ 1 – 25, *supra.*

27. ¶ 27 of plaintiff's complaint contains allegations that do not pertain to answering Defendant, to which no responsive pleading is required. As to allegations in ¶ 27 that pertain to answering Defendant, answering Defendant denies the allegations of ¶ 27 of plaintiff's complaint, except admits that all actions undertaken by answering Defendant in connection with the investigation, arrest, and indictment of plaintiff were lawful, appropriate, and in good faith.

28. To the extent the allegations in ¶ 28 of plaintiff's complaint pertain to answering Defendant, answering Defendant denies the same.

29. Answering Defendant restates and incorporates herein by reference his responses contained in ¶¶ 1 – 28, *supra.*

30. ¶ 30 of plaintiff's complaint contains allegations that do not pertain to answering Defendant, to which no responsive pleading is required. As to allegations in ¶ 30 that pertain to answering Defendant, answering Defendant denies the allegations in ¶ 30 of plaintiff's complaint, except admits that all actions undertaken by answering Defendant in connection with the investigation, arrest, and indictment of plaintiff were lawful, appropriate, and in good faith.

31. To the extent the allegations in ¶ 31 of plaintiff's complaint pertain to answering defendant, defendant denies the same.

## AFFIRMATIVE DEFENSES

1. Plaintiff's complaint, in whole or in part, fails to state a claim upon which relief may be granted, and therefore plaintiff's complaint should be dismissed pursuant to Civil Rule 12(b)(6).

2. Plaintiff's complaint should be dismissed because answering Defendant is protected under one or more doctrines of immunity.

3. Portions of plaintiff's claims may be subject to certification pursuant to AS 09.50.253, and such claims are not subject to this court's jurisdiction.

4. This court lacks jurisdiction to afford injunctive relief, since plaintiff seeks injunctive relief as to entities that are not parties to this case; the State of Alaska is not subject to this court's jurisdiction

5. Plaintiff's alleged injuries were wholly caused by plaintiff's own actions and culpable conduct, and therefore fault should be wholly apportioned to plaintiff pursuant to applicable law.

6. Plaintiff has failed to mitigate his alleged damages.

7. Plaintiff's claims should be barred because all actions taken by answering defendant were privileged, appropriate and justified under the circumstances.

8. Plaintiff's complaint should be barred and dismissed pursuant to the applicable statute of limitations.

9. Answering Defendant reserves the right to assert additional affirmative defenses that may become apparent during discovery.

Wherefore, answering Defendant requests the following relief:

1. An order dismissing plaintiff's complaint, with prejudice;

2. An order ruling that answering Defendant is immune;

3. If appropriate upon certification, an order dismissing all certified claims based on lack of jurisdiction;

4. An order denying plaintiff's request for declaratory and injunctive relief;

5. An award of costs and attorney fees; and

6. For such other relief as this court deems just and equitable.

DATED this 14th day of July, 2006, at Anchorage, Alaska.

           DAVID W. MÁRQUEZ
           ATTORNEY GENERAL

By:   /s/ Gilman Dana S. Burke
      Assistant Attorney General
      Office of the Attorney General
      1031 W. 4th Ave., Ste. 200
      Anchorage, AK 99501
      Phone: (907) 269-5190
      Fax:   (907) 258-0760
      Dana_Burke@law.state.ak.us
      TWC_ECF@law.state.ak.us
      Alaska Bar No. 9011085

This is to certify that on this date, a copy of **Defendant Pucak's answer** is being electronically filed to:

Verne Rupright

/s/ Gilman Dana S. Burke  7/14/06